# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 14-1625 Commonweath of Virginia ex rel. v. Quest Diagnostics, et al. |
| **Originating No. & Caption** | 1:13-cv-01129-GBL-TCB Commonwealth of Virginia ex rel. v. Quest Diagnostics, et al. |
| **Originating Court/Agency** | U.S.D.C. for the Eastern District of Virginia, Alexandria Division |

| Jurisdiction (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | Fed. R. App. P. 4(a)(7)(A)(ii) |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | May 13, 2014 |
| Date notice of appeal or petition for review filed | June 12, 2014 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ⦿ Yes   ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| Settlement (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Please see attached page. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Please see attached page.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Laboratory Corporation of America | Adverse Party: Laboratory Corporation of America Holdings |
|---|---|
| Attorney: Sara R. Kusiak<br>Address: JONES DAY<br>51 Louisiana Ave., NW<br>Washington, DC 20001<br><br>E-mail: skusiak@jonesday.com<br><br>Phone: (202) 879-3939 | Attorney: Sara R. Kusiak<br>Address: JONES DAY<br>51 Louisiana Ave., NW<br>Washington, DC 20001<br><br>E-mail: skusiak@jonesday.com<br><br>Phone: (202) 879-3939 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Hunter Laboratories, LLC<br><br>Attorney: Justin T. Berger<br>Address: COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road<br>Burlingame, CA  94010<br><br>E-mail: jberger@cpmlegal.com<br><br>Phone: (650) 697-6000 | Name: Chris Riedel<br><br>Attorney: Justin T. Berger<br>Address: COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road<br>Burlingame, CA  94010<br><br>E-mail: jberger@cpmlegal.com<br><br>Phone: (650) 697-6000 |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** _/s/ Justin T. Berger_        **Date:** July 11, 2014

**Counsel for:** Appellants

---

**Certificate of Service**: I certify that on ___July 11, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|  |  |
|---|---|
|  |  |

Signature: _/s/ Justin T. Berger_        Date: July 11, 2014

**Nature of Case:**

This is a false claims action arising out of Laboratory Corporation of America's ("LabCorp") false claims for payment of Mediciad-covered laboratory tests falsely represented as being no greater than the maximum fees payable pursuant to Virginia regulations. Specifically, LabCorp routinely submitted claims for reimbursement to Virginia Medicaid in excess of its usual and customary charges to other commercial and third-party payers, who were routinely charged deeply discounted rates. LabCorp used this fraudulent billing scheme of deeply discounted pricing to commercial third-party payers and physicians as a kickback to induce the illegal referral of Medicaid patients so it could charge Virginia Medicaid at significantly higher rates. However, pursuant to Virginia Medicaid's regulations, providers must charge Virginia Medicaid their usual and customary rates, which they certify on their Provider Agreement. Furthermore, the federal Anti-Kickback Statute ("AKS") prohibits the offering or paying of kickbacks. LabCorp's fraudulent billing scheme was a violation of Virginia Medicaid's regulations and the AKS.

Plaintiffs Hunter Laboratories and Chris Riedel (collectively "Relators") filed their First Amended Complaint on December 11, 2013. LabCorp filed a second motion to dismiss on January 17, 2014. On May 13, 2014, the District Court granted LabCorp's motion to dismiss. In its memorandum opinion, the court contended that Plaintiffs (1) failed to identify a single false claim made with particularity and (2) failed to meet the plausibility standard because the false certification allegations stem from a contractual violation and LabCorp's representations in its Provider agreement with Virginia Medicaid were not plead as a false certification.

**Statement of Issues:**

1. Whether the District Court erred in dismissing Relators' allegations of LabCorp's fraudulent billing scheme as insufficient under Federal Rule of Civil Procedure 9(b).

2. Whether Relators' are required to allege that LabCorp "certified" its claims, and if so, whether the First Amended Complaint sufficiently alleged "certification."